IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL RIVERA, | No. C 00-1728 WHA (PR) |
| Petitioner, | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| C. A. TERHUNE, | |
| Respondent. | |

This case was opened in 2000 when petitioner, a state prisoner, filed a document requesting that this court hold in abeyance his "intended" petition for a writ of habeas corpus, or in the alternative, that the court toll the one-year limitation period. The request was denied and the case was dismissed. The order said that the request was unnecessary because petitioner's state court appeal was still pending, so the limitations period had not yet begun to run. *See* 28 U.S.C. § 2244(d)(1)(A). Judgement was entered on the dismissal on July 25, 2000.

On March 1, 2002, petitioner's counsel filed a habeas petition directed to the same conviction for first degree murder and attempted robbery which had been the subject of this case. *See Rivera v. Runnels*, C 02-1011 WHA. That petition was denied on the merits on August 31, 2004. Petitioner did not appeal.

On April 14, 2008, petitioner filed a "Notice of Belated Appeal Pursuant to Rule 31(A)" with the Ninth Circuit Court of Appeals, which forwarded it on to this court.[1] Petitioner has not

---

[1] Petitioner says that his notice is "pursuant to Rule 31(A) of the Federal procedure." The reference is mysterious; rule 31(a) of the Federal Rules of Appellate Procedure has to do with filing briefs, and rule 31(a) of the Federal Rules of Civil Procedure has to do with

applied for a certificate of appealability ("COA"), but the notice of appeal will be treated as one. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (if no express request is made for a COA, the notice of appeal shall be deemed to constitute a request for a certificate). Although it appears that the notice of appeal is grossly untimely, that is a determination for the court of appeals to make, so whether a COA should issue will be considered independently of the timeliness question.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Petitioner's filing that commenced this case was headed "Request for Writ of Habeas Corpus to Be Held in Abeyance or the AEDPA One Year Statute of Limitation to Be Tolled." No petition was provided. Because there was no petition provided and because the limitations

---

depositions. Neither seems applicable.

period had not yet even begun to run – as abundantly shown by the later case in which petitioner's habeas claims were addressed on the merits – the "request" with which this case was opened was denied. Reasonable jurists would not find this procedural decision debatable or wrong. The motion for a COA implied by the notice of appeal (document number 6 on the docket) is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: May   22  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.00\RIVERA1728.COA.wpd